IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV180-03-MU

| | |
|---|---|
| JAMES L. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ROY COOPER et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed April 15, 2010. (Document No. 1.)

Although his Complaint is far from clear, Plaintiff contends that the Defendants are "presecuting" him and are using "the prisoner/inmates trust fund account [as] an monopolized get rich scheme." (Complaint at 4.) Plaintiff argues that the Defendants are violating his rights by "refusing to release [him] from prison control, two: they are constantly creating a situation where [he has] to act in self defense, 'defend [himself] from attack by other inmates,' & they use this as mean to process their bogus disciplinary statement & reports on [him.] " Plaintiff also argues that the defendants refuse to move him even though he has "explained to them point by point what is the problem." (Complaint at 4.) Plaintiff also contends that several judges, the district attorney and the attorney general are all "behind all this mayhem & that either all of them or one put out a secret order to have these dept. of prison personals to keep harming [him]." (Id. at 5.) Finally, Plaintiff argues that he has been detained well past his projected parole date in violation of his rights. He argues that "[t]hey constantly orchrestrating these situation & filing these bogus claims against me, 'not only to violate me, my rights but to subjugate me to pro

1

racist, a pro racist apartheid type prison system rule where these personals/staff are bent on depriving me of my liberty unjustly over & over again." (Id. at 6.)

The Court is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and may dismiss those cases or claims which do not pass frivolity review. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (dismissal appropriate where claim "lacks an arguable basis either in law or fact"); Neitzke v. Williams, 490 U.S. 319 (1989) (sua sponte dismissal appropriate where claim is based on a meritless legal theory). In other words, an action should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). While this Court is well aware of the requirement to liberally construe a pro se complaint, this Court is not required "to develop tangential claims from scant assertions in the complaint." Lowdermilk v. LaManna, 2009 WL 2601470 (D. S.C. 2009) citing Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985).

First, the Court notes that Plaintiff made similar allegations in a previous lawsuit. Indeed, in case number 3:06cv58, Plaintiff argues that his unit manager processed a disciplinary action against him knowing that Plaintiff did not initiate the incident. Plaintiff was placed on I-con as a result of the incident. Plaintiff's case was dismissed for failure to state a claim for relief.

Next, as an initial matter, the Court notes that although Plaintiff names Roy Cooper, the Attorney General of North Carolina, and Robert Lewis, the Director of Prisons, he does not connect either of these individuals with any action that allegedly violated his constitutional

2

rights. In fact, Plaintiff does not mention them in the body of his Complaint. Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by County of riverside v. McLaughlin, 500 U.S. 44 (1991). Because Plaintiff does not allege any personal conduct by Defendants Cooper and Lewis with regard to the incidents that form the basis of his Complaint, he fails to state a claims against Defendants Cooper and Lewis.

Next, Plaintiff provides no dates or facts to support his generalized claims. It seems that he is arguing that he has been subject to false charges in an attempt to keep him in I-con. However, at the same time, Plaintiff references having to defend himself from attack by other inmates suggesting that he may have been in some type of altercation with another inmate which may have been the impetus for the write ups. In any event, Plaintiff does not connect any specific defendant to any his allegations nor does he provide any facts to support his conclusory claim. Therefore his claim must be dismissed.

To the extent Plaintiff's claim could be construed as a procedural or substantive due process claim, he must first establish that he was deprived of "life, liberty, or property" by governmental action. See Plyler v. Moore, 100 F.3d 365 (4th Cir. 1996). In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that discipline in segregated confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. Id. at 485-86 (segregated confinement typically does not constitute an atypical or significant hardship). Plaintiff does not assert that his I-con status imposed such an atypical hardship vis a vis ordinary prison life as to create a liberty interest in

3

avoiding it. Plaintiff has failed to state a due process claim regarding his disciplinary convictions which seem to have landed him in I-con.

Plaintiff's general allegations against Judge Barber that he may have "put out a secret order to have the department of prison personals to keep harming [him]" is clearly baseless and obviously includes claims which are "fantastic" or delusional." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (affirming dismissal of complaint which was 'nonsensical on its face").

With respect to Plaintiff's claim regarding the length of his sentence, i.e., that he is being detained past his parole date, such claim lacks merit to the extent it is even a cognizable § 1983 claim. Indeed, a review of Plaintiff's criminal case history reveals that the Supreme Court of North Carolina affirmed his conviction for first degree rape and second degree burglary and his sentences of life for the rape conviction and 15 to 20 years for the burglary conviction. See State v. Jackson, 302 N.C. 101 (1981). This Court found no indication in Plaintiff's case history that his sentence was ever modified.

Finally, to the extent that Plaintiff's claim that he is subject to "a pro racist apartheid type prison system" can be construed as a discrimination claim, such claim must be dismissed. The Equal Protection Clause of the Fourteenth Amendment protects prisoners from discrimination based on race. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, it takes more than a prisoner's personal belief that he or she has been the victim of discrimination to succeed on this type of claim. A prisoner must be able to prove that the actions of prison officials were taken with an intent to discriminate on the basis of race, not merely that racial groups have been treated differently. See Arlingon Heights v. Metropolitian Hous. Dev. Corp., 429 U.S. 252, 265 (1977). A mere allegation of racism, without supporting proof, is not sufficient to maintain a legal claim. Al-Ra'id v. Ingle, 69 F.3d 28, 32 (5th Cir. 1995), Chapman v. Reynolds, 378 F.

Supp. 1137, 1140 (W.D. Va. 1974) ( a claim of racial discrimination is a grievous charge which can rise to constitutional dimensions; but absent some evidence the court will not look behind the decisions of prison officials on the mere allegation that they are racially motivated). Applying the above-cited law to the instant case, Plaintiff's allegation of discrimination is over broad and conclusory and will be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: April 20, 2010

Graham C. Mullen
United States District Judge